**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF WEST VIRGINIA
AT CLARKSBURG**

AUGUST MACK ENVIRONMENTAL, INC.,      )
                                                                   )
        Plaintiff-Appellant,                            )
                                                                   )
    vs.                                                       )    Case No. __**1:18-cv-12  (Keeley)**__
                                                                   )
UNITED STATES ENVIRONMENTAL         )
PROTECTION AGENCY,                                )
                                                                   )
        Defendant-Appellee.                            )

> ELECTRONICALLY
> FILED
> 1/17/2018
> U.S. DISTRICT COURT
> Northern District of WV

## COMPLAINT FOR JUDICIAL REVIEW OF FINAL ADMINISTRATIVE DECISION AND REQUEST FOR JURY TRIAL

Under 42 U.S.C. § 9612(b)(5), Plaintiff-Appellant August Mack Environmental, Inc. ("AME") hereby initiates the appeal of the final administrative decision issued on or about December 18, 2017, by the Defendant-Appellee, the United States Environmental Protection Agency ("EPA") by filing this complaint.

### *Nature of Complaint*

1.      This civil action asks the Court to review and invalidate EPA's arbitrary and capricious refusal to reimburse AME for nearly $2.7 *million* it spent cleaning up a Superfund site located in Fairmont, West Virginia.  In refusing to pay for this work from which it has benefited, EPA clings to a regulatory procedure that not only has expired and, thus, is invalid on its face, but which EPA has erroneously applied to the circumstances of the cleanup.  Congress has specifically provided this Court with jurisdiction to review EPA's refusal to determine if it is an arbitrary and capricious abuse of discretion.  *See* 42 U.S.C. § 9612(b)(5).

*Background Facts*

2.      The Big John's Salvage –Hoult Road Superfund Site (the "BJS Site") is located in

Fairmont, Marion County, West Virginia. Historic operations in and around the BJS Site tainted

the site and the nearby Monongahela River with contaminated tar and other hazardous

substances.  On February 4, 2000, the BJS Site was proposed for inclusion on the National

Priorities List ("NPL"), a register of the most serious uncontrolled or abandoned hazardous

waste sites in the country.  On July 27, 2000, the site was formally added to the NPL, making it

eligible to receive money from the federal "Superfund" to clean up the site.

3.      In October 2012, three companies — Exxon Mobil Corp. ("Exxon"), Vertellus

Specialties Inc. ("Vertellus"), and CBS Corp. ("CBS")— entered into a consent decree with EPA

and the West Virginia Department of Environmental Protection ("WVDEP"), agreeing to

perform cleanup work selected and approved by the EPA in an "action memorandum."

4.      Under the Consent Decree, these companies (referred to as potentially

responsible parties or PRPs) also provided EPA with nearly $37 million (in cash and financial

assurances) to be used to pay for the cleanup of the BJS Site.

5.      Vertellus was the PRP required to perform the cleanup at the BJS Site under the

Consent Decree.  Vertellus selected AME, an Indiana-based environmental consulting company,

as the "Supervising Contractor" to perform the EPA-approved cleanup work.  EPA specifically

approved AME as the "Supervising Contractor" and supervised all of the work AME

performed and all of the costs AME incurred.

6.      From October 2012 and continuing to May 2016, AME diligently performed cleanup actions at the site.  AME expected to be paid by Vertellus or from the $37 million in site-specific funding held by EPA.

7.      In May of 2016, Vertellus went broke and filed for liquidation under Chapter 11 of the Bankruptcy Code.  AME has made claims against Vertellus in bankruptcy court.  However, it has not received any payment for its unsecured claims and does not expect any such payment.

8.      AME has also requested payment from CBS and Exxon.  Both companies rejected AME's request.

9.      Finally, in January 2017, AME requested reimbursement from EPA which could use a portion of the $37 million in available site-specific funds or money from the Superfund.

10.      On February 8, 2017, EPA denied the claim in a brief one and a half page letter.

11.      In response to EPA's denial, AME timely sought a "Request for Hearing" with the EPA Administrator Scott Pruitt.  AME's request was submitted to a self-described "Tribunal" of EPA's administrative law judges and assigned Docket No. CERCLA-HQ-2017-0001.

12.      Rather than proceeding to a review of the merits of AME's complaints, the Tribunal entertained a motion to dismiss filed by EPA's legal counsel.  After full briefing (but without oral argument), the Tribunal granted EPA's motion to dismiss on December 18, 2017, and dismissed AME's Request for Hearing with prejudice.  The Tribunal's "Order on Motion to Dismiss" is attached hereto as "Exhibit A" and incorporated by reference.  The Tribunal also

indicated that the order was "the final administrative decision of the Agency" and noted that it may be appealed in this Court.

13.     AME has filed the present complaint to challenge the Tribunal's final order.

### *Parties*

14.     August Mack Environmental, Inc. ("AME") is an Indiana corporation headquartered at 1302 North Meridian Street, Suite 300, in Indianapolis, Indiana.

15.     The United States Environmental Protection Agency is a federal executive agency with its headquarters located at 1200 Pennsylvania Avenue, N.W. in Washington, D.C.  EPA has ten regional offices, including Region 3 which has authority over West Virginia.  EPA maintains several offices in West Virginia.

### *Jurisdiction*

16.     This Court has jurisdiction over this action pursuant to Section 112(b)(5) of the Comprehensive Environmental Response, Compensation and Liability Act of 1980, as amended ("CERCLA").  This section provides final administrative decisions made by EPA regarding reimbursement from the Superfund "may be appealed within 30 days of notification" of the decision.  42 U.S.C. § 9612(b)(5).  This section provides further that "[a]ny such appeal shall be made to the Federal district court for the district where the release or threat of release took place."

17.     Here, the "release or threat of release" took place in Fairmont, Marion County, West Virginia, which is within the Northern District of West Virginia.

*Venue*

18.     Venue is proper in this district under 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred here.

*Count I – Arbitrary and Capricious Abuse of Discretion*

19.     AME hereby incorporates paragraphs 1 through 18 of this Complaint as though fully restated herein.

20.     Section 112(b)(5) of CERCLA provides that final agency decisions regarding reimbursement from the Superfund may be overturned if they are an "arbitrary or capricious abuse of discretion."

21.     Here, EPA's refusal to use the Superfund to reimburse AME for nearly $2.7 million was an arbitrary or capricious abuse of discretion for the following reasons:

a.   EPA based its denial solely on a preauthorization procedure that is no longer valid and which EPA has allowed to expire.

b.   EPA wrongly concluded that AME was required to submit an application for preauthorization prior to performing work at the BJS Site.

c.   EPA wrongly concluded that it had not preauthorized the work AME performed at the BJS Site.

d.   EPA wrongly concluded that it must issue a Preauthorization Decision Document before allowing for reimbursement from the Superfund.

e.   EPA ignored the fact that AME substantially complied with the preauthorization requirements in the National Contingency Plan ("NCP").

    f.    EPA ignored the fact that AME complied with all statutory requirements for submitting its claim for reimbursement.

    g.    EPA ignored the fact that AME complied with the notice requirements of the NCP in submitting its claim.

    h.    EPA's refusal to reimburse AME is directly opposed to the intent and purposes of CERCLA.

22.    Likewise, the final order issued by EPA's Tribunal is also an arbitrary and capricious abuse of discretion for the same reasons.

23.    The Tribunal's order is also improper and an arbitrary and capricious abuse of discretion because it went beyond the face of the allegations contained in AME's Request for Hearing.  In so doing, the Tribunal made findings of fact that had not yet been established in the record and relied on these unestablished facts to reach erroneous legal conclusions.

### *Prayer for Relief*

Wherefore, Plaintiff-Appellant AME respectfully requests that this Court enter a judgment against the Defendant-Appellee EPA and in favor of Plaintiff-Appellant, and that the Court:

a)    Vacate the EPA's December 18, 2017 Order on Motion to Dismiss.

b)    Order EPA to reimburse AME for its past response costs in the amount of $2,661,150.98, plus prejudgment interest.

c)    Order EPA to pay all of AME's attorneys' fees and costs in bringing the administrative action below.

d)      Order EPA to pay all of AME's attorneys' fees and costs for bringing the present

action; and

e)      Award AME all further relief that is just and proper.

### *Jury Demand*

Plaintiff-Appellant AME respectfully demands a trial by jury on all issues so triable.

Respectfully Submitted,

*/s/ Robert J. Ridge*
Robert J. Ridge, Esq.
W. Va. Bar ID No. 7674
Brandon J. Verdream, Esq.
W. Va. Bar ID No. 11200

CLARK HILL PLC
One Oxford Centre, 14th Floor
301 Grant Street
Pittsburgh, Pennsylvania 15219

1290 Suncrest Towne Centre
Morgantown, West Virginia 26505
p. 412-394-2440
f.  412-394-2555
rridge@clarkhill.com
bverdream@clarkhill.com